IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03028-BNB

ALYCE C. SILVA,

    Plaintiff,

v.

CITY OF LAKEWOOD,
PAULA AROUND, Fitness Coordinator, City of Lakewood,
MIKE BARNEY, Recreation Manager, City of Lakewood,
SHONNA SPIALEK, Ms. Silva's Supervisor, City of Lakewood,
TRACY GALLO, Program Supervisor, City of Lakewood,
KIT BOTKINS, Director Community Resources Department, City of Lakewood,
BOB MURPHY, Mayor, City of Lakewood,
DIANA ALLEN, City Council Member, City of Lakewood,
CINDY BARROWAY, City Council Member, City of Lakewood,
KAREN KELLEN, City Council Member, City of Lakewood,
SUE KING, City Council Member, City of Lakewood,
SCOTT KOOP, City Council Member, City of Lakewood,
ADAM PAUL, City Council Member, City of Lakewood,
ED PETERSON, City Council Member, City of Lakewood,
TOM QUINN, City Council Member, City of Lakewood,
VICKI STACK, City Council Member, City of Lakewood,
DAVID WEICHMAN, City Council Member, City of Lakewood, and
LORE HERRERA, Employee Relations Coordinator, City of Lakewood,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Alyce C. Silva, initiated this action by filing *pro se* a Title VII Complaint. The court must construe the Title VII Complaint liberally because Ms. Silva is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Ms. Silva will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

The court has reviewed the Title VII Complaint and finds that the Title VII Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Silva fails to provide a short and plain statement of her claims showing that she is entitled to relief.  Ms. Silva complains that she was fired from her job with the City of Lakewood in August 2010, and she alleges that she was discriminated against because of her race, age, and a handicap.  Although Ms. Silva does not list any

statutory authority for her claims other than Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., she apparently also is asserting claims pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 62, et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq.  However, assuming Ms. Silva is asserting claims pursuant to Title VII, the ADEA, and the ADA, she fails to allege specific factual allegations in support of each of those claims.  Ms. Silva does attach to her Title VII Complaint copies of a statutory notice of intent to sue and a letter from counsel that provide some factual allegations regarding claims of age and race discrimination.  However, it is not clear whether these claims are the same age and race discrimination claims Mr. Silva subsequently pursued with the Equal Employment Opportunity Commission and it also is not clear what claim Ms. Silva may be asserting pursuant to the ADA.  Finally, it is not clear what claim or claims Ms. Silva may be asserting against the seventeen individuals named as Defendants in the Title VII Complaint because the only proper Defendant for her claims under Title VII, the ADEA, and the ADA is the employer.  *See Butler v. City of Prairie Village*, 172 F.3d 736 (10th Cir. 1999) (holding that the ADA, like Title VII and the ADEA, "precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.").

Therefore, Ms. Silva will be ordered to file an amended pleading that clarifies the claims she is asserting in this action.  Ms. Silva is advised that, in order to state a claim in federal court, she "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Ms. Silva file, within thirty (30) days from the date of this order, an amended Title VII Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Ms. Silva shall obtain the appropriate court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Silva fails within the time allowed to file an amended Title VII Complaint that complies with this order, the action will be dismissed without further notice.

DATED February 7, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge